IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **IRON HORSE ENERGY SERVICES, INC.,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff/Counterdefendant, ) | **JURY DEMANDED** |
| ) | |
| vs. ) | **CASE NO. 1:18-CV-02554-JDB-jay** |
| ) | |
| **SOUTHERN CONCRETE PRODUCTS, INC.** ) | |
| ) | |
| Defendant/Counterplaintiff. ) | |
| | |
| **SOUTHERN CONCRETE PRODUCTS, INC.** ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **TC ENERGY CORPORATION formerly** ) | |
| **TRANSCANADA CORPORATION and** ) | |
| **TRANSCANADA PIPELINES LIMITED,** ) | |
| ) | |
| Third Party Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.   Introduction**

Southern Concrete Products, Inc. ("Southern") hereby moves for judgment on the pleadings under Fed.R.Civ.P. 12(c). Iron Horse Energy Services, Inc.'s ("Iron Horse") Amended Complaint For Breach of Contract (ECF#63) fails to state a cause of action for which relief can be granted. Iron Horse has not pled a claim for relief under Tennessee's Uniform Commercial Code, including any claim for breach of contract. This is because Iron Horse's Complaint does not plead the required element that it rejected the concrete at issue or that it attempted to revoke its acceptance of the concrete at issue. Moreover, Iron Horse cannot state claims for unjust enrichment or quantum meruit since there was an agreement between the parties as already found by the Court. For these reasons, the Court should dismiss Iron Horse's Complaint.

## II. This Motion is Ripe Because Iron Horse and Southern's Pleadings Are Closed

This motion for judgment on the pleadings is ripe and allowed to be submitted at this time because the pleadings as between Iron Horse and Southern are closed. Iron Horse filed its Amended Complaint For Breach of Contract (ECF#63) on September 20, 2019. Southern filed its Answer to Amended Complaint, Affirmative Defenses, and Counterclaims (ECF#66) on September 26, 2019. Southern had filed its Counterclaims in its original Answer to Complaint, Affirmative Defenses, and Counterclaims (ECF#40) on August 8, 2019. Southern did not revise those counterclaims in its Answer to Amended Complaint, Affirmative Defenses, and Counterclaims. Iron Horse filed its Answer to Counterclaim (ECF#45) on August 29, 2019. Thus, the pleadings are closed between Iron Horse and Southern.

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.R.Civ.P. 12(c). "'Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), ***unless a counterclaim, cross-claim, or third-party claim is interposed, in which event <u>the filing of a reply to a counterclaim</u>, cross-claim answer, or third-party answer normally <u>will mark the close of the pleadings</u>***.'" Williams v. U.S., 754 F. Supp.2d 942, 945 (W.D. Tenn. 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1367) (emphasis added).

The pleadings are closed between Iron Horse and Southern. Accordingly, the time is ripe for Southern's motion for judgment on the pleadings based on Federal Rule 12(c).

## III. Iron Horse's Complaint

Iron Horse's Amended Complaint For Breach of Contract ("Complaint"; ECF#63) alleges that Southern agreed to provide concrete for a project and provided that concrete on September 21, 2017. Complaint ¶¶ 13 & 17. Iron Horse alleges and admits that the concrete

2

"had extremely high air content" which rendered it "defective concrete[.]" Id. ¶¶ 19 & 24. The Complaint admits that Iron Horse knew of the high air content during the pour. Id. ¶¶ 19 & 20. The Complaint alleges that Iron Horse was required to "tear[] out the defective concrete foundation so that it could replace it[.]" Id. ¶ 24. The Complaint then alleges costs related to the removal and replacement of the concrete. Id. ¶ 28. The Complaint, however, does not contain any allegation that Iron Horse rejected the concrete at the time of the pour. To the contrary, the Complaint admits that Iron Horse accepted the concrete with high air in it at the time of the pour by asserting that "Iron Horse was unable to remove the poured concrete at that time" which was the time of the pour. Id. ¶ 20. The Complaint attempts to assert that Iron Horse revoked its acceptance of the concrete by tearing out the concrete "as a result of SCP's defective concrete[.]" Id. ¶ 24. However, the Complaint admits that"[h]igh air concrete could render the concrete defective" and that "a higher air content can negatively impact the compression strength of the concrete." Id. ¶ 22. The Complaint also admits that "as a result of SCP's defective concrete, Iron Horse was required to begin tearing out the defective concrete foundation so that it could replace it . . . ." Id. ¶ 24.

In ruling on a prior motion to dismiss or, alternatively, to transfer the case to this Division filed by Southern (ECF#9), the Court found that the Business Account Application ("BAA") presented to the Court with that prior motion is the contract between the parties. See Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or, Alternatively, to Transfer to Eastern Division at Jackson (ECF#34) at 5 n.1. The Court held that "[t]he manifestations of the parties here clearly demonstrate mutual assent. Accordingly, the Court finds both parties assented to the terms of the BAA and they are contractually bound by the same." Id.

**IV.     Standard**

"The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009).  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Twombly, 550 U.S. at 556.

However, to survive a motion to dismiss by stating a claim plausible on its face, a complaint "must contain either direct or inferential allegations ***with respect to all material elements necessary to sustain a recovery under some viable legal theory***." Bickerstaff v. Lucarelli, 830 F.3d 388, 396 (6th Cir. 2016) (quotation omitted) (emphasis added).

4

## V. Discussion

### A. The Complaint Does Not State a Tennessee UCC Breach of Contract Claim Because It Does Not Allege All of the Required Elements

This is a Tennessee UCC case because the Complaint asserts that goods, i.e., batches of mixed concrete, were ordered by Iron Horse and delivered by Southern. See Complaint ¶¶ 13 & 17; Audio Visual Artistry v. Tanzer, 403 S.W.3d 789, 796-99 (Tenn. Ct. App. 2012). The parties' agreement, the BAA, through its terms that Iron Horse would order concrete from Southern and Southern would deliver such concrete, confirms that the sales at issue in this case are sales of goods under the Tennessee Uniform Commercial Code. Case law confirms that a sale of mixed concrete is a sale of goods under the UCC. Salt Lake City Corp. v. Kasler Corp., 855 F. Supp. 1560, 1564 (D. Utah 1994); Shelly Materials, Inc. v. Great Lakes Crushing, Ltd., 2013 WL 6810660 at *7 (¶¶ 35 & 36) (Ohio Ct. App. Dec. 23, 2013).

The Complaint fails to state a breach of contract claim because a failure to reject or revoke acceptance prevents any claim for breach and damages under the UCC. Under Tennessee's UCC, in order to assert a claim for breach of contract related to goods that were delivered, a plaintiff/buyer must assert that the goods were either rejected or that the buyer revoked acceptance of the goods. Id. at 806. A buyer "is not entitled to the UCC remedies of . . . recovery of . . . damages" if the buyer did not reject the goods under Tenn. Code Ann. §§ 47-2-602 & 47-2-606 or revoke acceptance in accordance with the requirements in Tenn. Code Ann. § 47-2-608. Tanzer, 403 S.W.3d at 806. See also Steven W. Feldman, 22 Tenn.Prac. *Contract Law and Practice* §11:6 (May 2019). "A buyer must do some affirmative act in order to reject goods, and the default result of the buyer doing nothing is acceptance." Tanzer, 403 S.W.3d at 806. See also Tenn. Code Ann. § 47-2-607(2). "Where . . . the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, . . . the buyer may cancel

5

and . . . have damages under the next section . . . ." Tenn. Code Ann. § 47-2-711. However, if a buyer accepts the goods without rejection or revocation of acceptance, a breach of contract claim is barred. Kasler Corp., 855 F. Supp. at 1565 (breach of contract claim by general engineering contractor, hired by airport authority to construct apron and connecting taxiway, against supplier of aggregate for concrete was barred by its acceptance of aggregate; contractor had reasonable opportunity to inspect materials and failed to make effective rejection). These authorities make clear that an element of a UCC claim by a buyer who sues on the contract is that the buyer must assert either rejection of the goods at issue or revocation of acceptance of the goods at issue.

Here, the Complaint does not contain either direct or inferential allegations with respect to material elements necessary to sustain a recovery under a UCC claim. Bickerstaff, 830 F.3d at 396. Specifically, the Complaint does not contain any allegation that Iron Horse rejected the concrete at the time of the pour. To the contrary, the Complaint admits that Iron Horse accepted the concrete at that time. Complaint ¶ 20. The Complaint also does not plead that Iron Horse revoked its acceptance of the goods at issue. Iron Horse's alleged tearing out of the concrete (Complaint ¶ 24) cannot constitute the required allegation of revocation of acceptance under Tenn. Code Ann. § 47-2-608 because there is no allegation of any difficulty by Iron Horse in discovering the non-conformity of the concrete (i.e., the high air) at the time of delivery or any allegation that Iron Horse was induced not to inspect the goods by any statements or actions by Southern. Stephen W. Ramp, 1 Tenn.Prac. *Uniform Commercial Code Forms* § 2-608 (2d ed. Feb. 2012). In fact, as admitted in the Complaint, Iron Horse was told and fully aware of the high air at the time of the pour. Complaint ¶¶ 19 & 20. The Complaint admits that Iron Horse knew of the high air content during the pour. Id. ¶¶ 19 & 20.

Iron Horse attempts to have the Court ignore its own allegations that it was the high air content that was the cause of the concrete not meeting the compression strength requirement in

6

an attempt to assert that it was allowed to revoke its acceptance because of the compression strength requirement not being met. Complaint ¶¶ 23 & 24. However, Iron Horse's Complaint admits that "*[h]igh air concrete <u>could render the concrete defective</u>*" and that "a higher air content can negatively impact the compression strength of the concrete." Id. ¶ 22 (emphasis added). The Complaint also admits that "*as a result of SCP's defective concrete*, Iron Horse was required to begin tearing out the defective concrete foundation so that it could replace it . . . ." Id. ¶ 24 (emphasis added). Iron Horse's Complaint admits that it was the high air that rendered the concrete defective. And Iron Horse knew of that defect at the time of the pour. Iron Horse admits that it had no difficulty in discovering the non-conformity of the concrete (i.e., the high air) at the time of delivery. Accordingly, it cannot revoke its acceptance based on a result of the alleged defect when Iron Horse knew of the alleged defect at the time it accepted the concrete.

Accordingly, the Complaint does not set forth allegations with respect to material elements of a UCC claim and, therefore, fails to state a claim for breach of contract under the Tennessee Uniform Commercial Code. Iron Horse's alleged breach of contract claim should be dismissed on that basis.

      B.    <u>The Complaint Cannot State an Unjust Enrichment or Quantum Meruit Claim Because The Parties Have an Enforceable Contract</u>

Under Tennessee law, where a contract is enforceable, a court may not impose liability based on the quasi-contractual theories of unjust enrichment or quantum meruit. See <u>Whitehaven Community Baptist Church v. Holloway</u>, 973 S.W.2d 592, 596 (Tenn. 1998); <u>Swafford v. Harris</u>, 967 S.W.2d 319, 324 (Tenn. 1998). The Court has already found that the BAA presented to the Court with Southern's prior motion (ECF#9) is the contract between the parties. See Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or, Alternatively, to

Transfer to Eastern Division at Jackson (ECF#34) at 5 n.1. Accordingly, given that there is an enforceable contract between the parties, no claim for unjust enrichment or quantum meruit can be stated and those should be dismissed.

## VI.  Conclusion

For the foregoing reasons, the Court should dismiss the Complaint filed by Iron Horse in this action.

        Respectfully submitted,

        WYATT, TARRANT & COMBS, LLP


        /s/Andrew J. Pulliam_____
        Andrew J. Pulliam (BPR #16863)
        333 Commerce Street Suite 1400
        Nashville, Tennessee 37201
        (615) 244-0020
        apulliam@wyattfirm.com
        *Counsel for Defendant/Counterplaintiff*
        *Southern Concrete Products, Inc.*


## **CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2019, a true and exact copy of the foregoing has been served upon the following via the Court's Electronic Case Filing System: Michael G. McLaren, Esq. and Amy W. Sterling, Esq., Black McLaren Jones Ryland & Griffee, 530 Oak Court Drive, Suite 360, Memphis, Tennessee 38117, *Counsel for Plaintiff/Counterdefendant Iron Horse Energy Services, Inc*.

        /s/Andrew J. Pulliam_____
        Andrew J. Pulliam